885 So.2d 230 (2004)
Ex parte Earl J. McGAHEE.
(In re Earl Jerome McGahee
v.
State of Alabama).
1021917.
Supreme Court of Alabama.
January 30, 2004.
Angela Setzer, Equal Justice Initiative of Alabama, Montgomery, for petitioner.
*231 William H. Pryor, Jr., atty. gen., Nathan A. Forrester, deputy atty. gen., and Beth Jackson Hughes, asst. atty. gen., for respondent.
STUART, Justice.
WRIT DENIED. NO OPINION.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
I concur in denying the petition for a writ of certiorari. I write specially only to note a misconstruction of Ex parte Pierce, 851 So.2d 606 (Ala.2000), in the opinion of the Court of Criminal Appeals in the case of the instant petitioner McGahee. That opinion cites Ex parte Pierce for the proposition that "[a] juror-misconduct claim is cognizable under Rule 32.1(a), Ala. R.Crim. P., as an alleged constitutional violation, and not as newly discovered evidence." McGahee v. State, 885 So.2d 191, 203 (Ala.Crim.App.2003).
The correct construction of Ex parte Pierce on this particular topic is that a juror-misconduct claim filed within the time allowed by Rule 32.2(c), Ala. R.Crim. P., need not meet the requirements of Rule 32.1(e), Ala. R.Crim. P., for newly-discovered-evidence claims, since a juror-misconduct claim is independently cognizable as a constitutional claim under Rule 32.1(a), Ala. R.Crim. P. Ex parte Pierce, 851 So.2d at 607, 612-14. Ex parte Pierce does not mean that Rule 32.1(e) (newly discovered evidence) would not save a Rule 32.1(a) constitutional claim for juror misconduct from the Rule 32.2(c) time-bar if the claim missed the Rule 32.2(c) deadline for Rule 32.1(a) claims but met all of the requirements of Rule 32.1(e) and Rule 32.2(c) for a newly-discovered-evidence claim. The claim in Ex parte Pierce was not subject to the Rule 32.2(c) time-bar for Rule 32.1(a) constitutional claims because the claim in Ex parte Pierce was filed within the two years next following the date of the certificate of judgment, Ex parte Pierce, 851 So.2d at 607, as then allowed by Rule 32.2(c).